UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE:  )  CASE NO: **10-43953**
**Michael S. Jolly**  )
**Lisa B. Jolly**  )  Chapter 13
SSN(s): xxx-xx-1640, xxx-xx-4706  )
3105 S. College Boulevard  )
Denison, TX 75020  )
  )
  )
  )
Debtor  )

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of __**$638.25**__ per __**month**__ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of __**60**__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (12/11/2010) | 60 (11/11/2015) | $638.25 | $38,295.00 |
|  |  | Grand Total: | $38,295.00 |

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __**$3,500.00**__. The amount of __**$500.00**__ was paid prior to the filing of the case. The balance of __**$3,000.00**__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

TXEB Local Form 3015-a [Revised January 18, 2006]  Page 1

Case No: 10-43953
Debtor(s): **Michael S. Jolly**
**Lisa B. Jolly**

5. **Priority Claims.**

    (A). **Domestic Support Obligations.**

    ☑ None. If none, skip to Plan paragraph 5(B).

    (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

    (iii). Anticipated Domestic Support Obligation Arrearage Claims

    (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

    (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    ☑ None; or

    Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

    (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

6. **Secured Claims.**

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

    Debtor shall make the following adequate protection payments:

    ☐ directly to the creditor; or

    ☑ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
|---|---|---|
|  |  |  |

Case No: 10-43953
Debtor(s): **Michael S. Jolly**
  **Lisa B. Jolly**

| **Chrysler Financial** | 2008 Chrysler Pacifica | $156.75 |
| **Independent Bank** | 2002 Ford F150 Truck | $42.23 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Chrysler Financial** 2008 Chrysler Pacifica | 8/2008 | $19,740.00 | 3.75% | $367.35 Month(s) 1-59 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Independent Bank** 2002 Ford F150 Truck | 4/2008 | $4,223.00* *balance of claim | 6.00% | $82.99 Month(s) 1-59 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| | | | |

Case No: 10-43953
Debtor(s): **Michael S. Jolly**
**Lisa B. Jolly**

| Wells Fargo Home Mortgage Homestead | $3,552.00 | 7.75% | $72.77 Avg. Month(s) 1-59 |
|---|---|---|---|

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is **$29,885.00**. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$601.98**. Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

Case No: 10-43953
Debtor(s): **Michael S. Jolly**
**Lisa B. Jolly**

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
| | |

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| 1. Grayson County Tax Assessor/Collector<br>   **Homestead - Ad Valorem Taxes** | Paid through escrow |
| 2. **Wells Fargo Home Mortgage**<br>   **Homestead** | Continue Regular Monthly Payments |

(C). **Additional provisions.**

**Vesting of Estate Property:**
Except as otherwise specifically provided in the Plan, the Confirmation Order or other Order of the Court, Debtor(s) shall remain in possession of all property of the estate during the Plan term pursuant to 11 U.S.C.§1306(b). Property of the estate shall not vest in Debtor(s) upon Confirmation of the Plan but shall vest upon entry of the Order of Discharge, conversion of the case to a proceeding under any other Chapter of Title 11, or dismissal of the case, which ever shall occur first.

Debtors shall have the continuing responsibility to insure all property of Debtor(s) or the estate, notwithstanding the above paragraph on vesting.

**Mortgage Payments:**
Confirmation of the Plan shall impose a duty on the current and any subsequent holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee to any postpetition arrears only; to deem the prepetition arrearages as contractually cured by confirmation; to apply mortgage payments paid by Debtor(s) only to postpetition amounts due; to notify the Trustee, Debtor(s) and the attorney for Debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, Debtor(s) and attorney for the Debtor(s) of any change in the taxes or insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: 12-9-10

Gary J. Campbell, Debtor's Attorney

Michael S. Jolly, Debtor

Lisa B. Jolly, Debtor

TXEB Local Form 3015-a  [Revised January 18, 2006]                                                                                           Page 5

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Debtor's Chapter 13 Plan was served upon all creditors and parties in interest as listed in the attached Master Mailing List as constituted by the Court at the time of service and all attorneys or others requesting notice, as listed below, by electronic means for those registered with the Court to receive electronic notice, otherwise by United States first-class mail, postage prepaid, this 10th day of December, 2010.

**Attorneys Requesting Notice:**

**Mary A. Daffin**
**Barrett Daffin Frappier Turner & Engel, LLP**
1900 St. James Place Suite 500
Houston, TX 77056

Laurie Spindler Huffman
**Linebarger Goggan Blair & Sampson, LLP**
2323 Bryan Street, Suite 1600
Dallas, TX 75201

HSBC Bank Nevada, N.A.
c/o **Bass & Associates, P.C.**
3936 E. Ft. Lowell Road, Suite 200
Tucson, AZ 85712

**Creditors Requesting Notice:**
GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

_____    _____
Gary J. Campbell                Legal Assistant

```
Label Matrix for local noticing          Atmos Energy                              Attorney General of Texas
0540-4                                   c/o Professional Finance Company          Child Support Division
Case 10-43953                            5754 W. 11th Street, Suite 100            P.O. Box 12048
Eastern District of Texas                Greeley, CO 80634-4811                    Austin, TX 78711-2048
Sherman
Fri Dec 10 11:09:07 CST 2010

Attorney General of Texas                Attorney General of Texas                 Patti H. Bass
Collections/Bankruptcy                   Taxation Division/Bankruptcy              Bass & Associates
P.O. Box 12400                           P.O. Box 12548                            3936 E. Ft. Lowell Rd. Suite 200
Austin, TX 78711-1240                    Austin, TX 78711-2548                     Tucson, AZ 85712-1083


Beneficial/Household Finance Company     Gary J. Campbell                          Capital One
P. O. Box 3425                           Gary J. Campbell & Associates, P.C.       P. O. Box 30281
Buffalo, NY 14240-3425                   320 North Travis, Suite 207               Salt Lake City, UT 84130-0281
                                         PO Box 758
                                         Sherman, TX 75091-0758


(p)CHRYSLER FINANCIAL                    (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS   Janna L. Countryman
27777 INKSTER RD                         REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION   P. O. Box 941166
FARMINGTON HILLS MI 48334-5326           PO BOX 13528                              Plano, TX 75094-1166
                                         AUSTIN TX 78711-3528


Mary A. Daffin                           Dell Computer/Web Bank                    Dell Financial Services L.L.C.
Barrett Daffin Frappier Turner & Engel   12234 N. IH 35 SB, Bldg B                 c/o Resurgent Capital Services
1900 St. James Place                     Austin, TX 78753-1724                     PO Box 10390
Suite 500                                                                          Greenville, SC 29603-0390
Houston, TX 77056-4125


Discover Bank                            (p)DISCOVER FINANCIAL SERVICES LLC        Fed Ex Employees Credit Association
Dfs Services LLC                         PO BOX 3025                               2124 Democrat Road
PO Box 3025                              NEW ALBANY OH 43054-3025                  Memphis, TN 38132-1801
New Albany, OH 43054-3025


GE Capital/PayPal                        GE Capital/Walmart                        GE Money Bank
P. O. Box 981400                         P. O. Box 981400                          c/o Recovery Management Systems Corp.
El Paso, TX 79998-1400                   El Paso, TX 79998-1400                    25 SE 2nd Avenue, suite 1120
                                                                                   Miami, FL 33131-1605
                                                                                   Attn: Ramesh Singh


Grayson County                           Grayson County                            Grayson County Tax Assessor/Collector
Linebarger Goggan Blair & Sampson, LLP   c/o Laurie Spindler Huffman               P.O. Box 2107
c/o Laurie Spindler Huffman              Linebarger Goggan Blair & Sampson,LLP     Sherman, TX 75091-2107
2323 Bryan Street                        2323 Bryan Street Suite 1600
Suite 1600                               Dallas, TX 75201-2644
Dallas, TX 75201-2644

HSBC Bank                                HSBC Bank Nevada, N.A.                    HSBC/Best Buy
P. O. Box 5253                           Bass & Associates, P.C.                   P. O. Box 5253
Carol Stream, IL 60197-5253              3936 E. Ft. Lowell Road, Suite #200       Carol Stream, IL 60197-5253
                                         Tucson, AZ 85712-1083


Laurie Spindler Huffman                  Independent Bank                          (p)INTERNAL REVENUE SERVICE
Linebarger, Goggan, Blair & Sampson      3090 Craig Drive                          CENTRALIZED INSOLVENCY OPERATIONS
2323 Bryan St., Suite 1600               McKinney, TX 75070-4352                   PO BOX 21126
Dallas, TX 75201-2644                                                              PHILADELPHIA PA 19114-0326
```

| | | |
|---|---|---|
| Lisa B. Jolly<br>3105 S. College Boulevard<br>Denison, TX 75020-7968 | Michael S. Jolly<br>3105 S. College Boulevard<br>Denison, TX 75020-7968 | National Credit Adjusters<br>P. O. Box 3023<br>Hutchinson, KS 67504-3023 |
| National Creditr Adjusters<br>327 W. 4th Avenue<br>Hutchinson, KS 67501-4842 | Northland Group, Inc.<br>P. O. Box 390846<br>Minneapolis, MN 55439-0846 | Office of the Attorney General<br>of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Paragon Way, Inc.<br>7500 Rialto Blvd., Bldg. 1, Suite 100<br>Austin, TX 78735-8531 | Recovery Management Systems Corporation<br>25 S.E. Second Avenue<br>Suite 1120<br>Miami, FL 33131-1605 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Texas Workforce Commission<br>Tax Department<br>101 East 15th Street<br>Austin, TX 78778-0001 | Texas Workforce Commission<br>Tax Department<br>5904 Texoma Parkway<br>Sherman, TX 75090-2132 |
| U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United States Attorney's Office<br>Eastern District of Texas<br>110 North College Avenue, Suite 700<br>Tyler, TX 75702-7237 | Wells Fargo Home Mortgage<br>3480 Stateview Boulevard<br>Fort Mills, SC 29715-7203 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chrysler Financial<br>P. O. Box 9223<br>Farmington HIll, MI 48333-9223 | Comptroller of Public Accounts<br>Revenue Accounting/Bankruptcy<br>P.O. Box 13528<br>Austin, TX 78711-3528 | Discover Financial<br>P. O. Box 15316<br>Wilmington, DE 19850 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 21126<br>Philadelphia, PA 19114 | POrtfolio Recovery Associates<br>120 Corporate Boulevard, Suite 100<br>Norfolk, VA 23502 | U.S. Bank<br>P. O. Box 108<br>St. Louis, MO 63166 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | (d)US Trustee<br>Office of the U.S. Trustee<br>110 N. College Avenue, Ste. 300<br>Tyler, TX 75702-7231 | (u)Wells Fargo Bank, NA |

End of Label Matrix
Mailable recipients    46
Bypassed recipients     3
Total                  49